United States District Court
Southern District of Texas
FILED

JAN 1 0 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO MAYORGA AND VICTORIANA MAYORGA Plaintiff, | § § § § § § § § § | CIVIL ACTION NO. B-04-110 |
| v. | | |
| DARREL RAY CUSHENBERY AND CON-WAY NOW, INC. Defendants. | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' NOTICE OF ORAL DEPOSITIONS AND FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Antonio Mayorga and Victoriana Mayorga, Plaintiffs in the above-entitled and numbered cause, and file their Response to Defendant Darrel Ray Cushenbery and Conway Now, Inc. Motion to Quash Plaintiffs' Notice of Intention to Take Oral Deposition and for Protective Order, and in support thereof, would respectfully show as follows:

1.

**PROCEDURAL BACKGROUND**

An attempt to schedule the deposition of Darrel Cushenbery, Jolene Cushenbery and Conway Now, Inc. (hereinafter "Conway")was made by the Plaintiff on December 16, 2004, attached hereto as Exhibit "1". A deadline to confirm the time and place of the deposition was set for December 24, 2004, by Plaintiff's counsel.

Notices of Oral Deposition of Defendants, Darrel Cushenbery and Conway were sent out by the Plaintiffs on December 29, 2004. A copy of said notices are attached

hereto as Exhibits "2" and "3" incorporated herein as if fully set forth in length.

The parties agreed to a February 15, 2005 deadline, to depose all lay witnesses through a Rule 29 Agreement, attached hereto as Exhibit "1". Plaintiff noticed the oral depositions of the Darrel Cushenbery, Jolene Cusenbery and Conway for February 7, 2005 at Plaintiff counsel's office in Brownsville, Texas.

2.

## ARGUMENT FOR DEPOSING DEFENDANTS IN BROWNSVILLE, TEXAS

The oral deposition of Conway's representative should be taken in Brownsville, Texas. In Resolution Trust Corp. v. Worldwide Ins. Management Corp., 147 F.R.D. 125, 127 (N.D. Tex. 1992) the Court acknowledges that there is a "initial presumption" that a defendant should be examined at his resident or personal place of business (citing Turner v. Prudential Ins. Co., 119 F.R.D. 381, 383 (M.D.N.C. 1988)). The court notes, however, that a number of factors may overcome the presumption and persuade the court to permit the deposition elsewhere. The factors include:

1. Counsel for the parties being located in the forum district;
2. Plaintiff seeking to depose only one corporate representative;
3. Defendant choosing a corporate representative outside of location of principal place of business and the forum district;
4. Significant discovery disputes that may arise and the anticipated necessity of the resolution by the forum court; and
5. The claim's nature and parties' relationship such that "an appropriate adjustment of the equities favors a deposition site in the forum state."

Id. (citing Turner, 119 F.R.D. at 383-34). In Resolution Trust Corp., the court ordered that the depositions be held in the forum state. Id. at 128.

In the case at hand, the court should consider the following factors in determining where Conway's deposition should be held: (1) counsel for both parties are located in the Rio Grade Valley; (2) plaintiff's counsel seeks to depose only one corporate representative;

(3) it would be less expensive for the corporate representative to fly to the Rio Grande Valley than to have counsel for both parties fly out-of-state; (4) using counsel's office in the Rio Grande Valley would be less expensive than leasing a meeting room in a foreign state.

The plaintiff requests that the date for deposition of Conway's representative be set in February, this will afford Conway the opportunity to respond to Plaintiff's Second Request for Production and Supplementation of Documents. Plaintiff's Second Request for Production includes items that are directly related to the plaintiffs claim for negligent entrustment against Conway and possible claims for negligent hiring, negligent supervision, negligent training; and negligent retention of Defendant, Darrel Cushenbery.

Plaintiff also requests that Defendant Darrel Cushenbery's deposition be taken in Brownsville, Texas. Although Defendant Darrel Cushenbery is a long-haul driver, plaintiffs ask that the Court order depositions held in the Rio Grande Valley as soon as the defendant is in or near Brownsville. In the alternative, plaintiff requests that Darrel Cushebery's deposition be schedule in a major city, preferably one that Southwest Airlines flies into. This would reduce flight expenses, rental car expenses, lodging and meal expenses.

WHEREFORE, Plaintiff requests the court have a hearing concerning this matter and prays the court enter an order allowing Plaintiff to take the depositions of Defendants at a reasonable date and location to all parties involved.

LAW OFFICES OF JAVIER VILLARREAL, PLLC
765 East 7th Street, Suite A
Brownsville, Texas 78520
Phone: 956-550-0888
Fax:   956-550-0877

BY: _____
Javier Villarreal
State Bar No. 24028097
Federal Bar No. 30384

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this the 7 day of January, 2005

### Via Certified Mail/Return Receipt Requested

Jose E. Garcia
Garcia & Villarreal, L.L.P.
4311 North McColl Road
McAllen, Texas 78504
Attorney for Defendant

_____
Javier Villarreal
Attorney for Plaintiff